IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KIM ANTONIO GRIFFIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:14CV7 |
| ) | |
| WILLARD R. HALL, ) | |
| ) | |
| Respondent. ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Kim Antonio Griffin, a prisoner of the State of North Carolina, brings a Petition [Doc. #1] seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which Respondent opposes with a Motion for Summary Judgment [Doc. #5]. According to the Petition, on May 27, 2010, in the Superior Court of Forsyth County, Petitioner was convicted of misdemeanor larceny, obtaining property by false pretenses, possession of a stolen motor vehicle, flee/elude arrest with a motor vehicle, and having the status of a habitual felon. (Petition, §§ 1-5.) He received a sentence of 150 to 189 months of imprisonment. Petitioner filed a direct appeal, which concluded when the North Carolina Supreme Court dismissed the appeal on October 11, 2011. ( Id., § 9.) Later, on August 14, 2012, Petitioner filed a Motion for Appropriate Relief (MAR) in Forsyth County. (Id., § 11.) Upon denial of that Motion, he then filed a petition for certiorari in the North Carolina Court of Appeals, which denied certiorari on May 22, 2013. (Id.) On July 13, 2013, Petitioner filed a petition

for certiorari in the North Carolina Supreme Court, which denied that request on August 27, 2013. (Respondent's Brief [Doc. #6], Exs. 13, 14.) On December 23, 2013, Petitioner purportedly signed and dated his current Petition, which the Court received on January 9, 2014. After being ordered to answer, Respondent filed its Motion for Summary Judgment.

## Petitioner's Claims

Petitioner raises two claims for relief in his Petition. He first contends that he received ineffective assistance of counsel because his attorney did not investigate and contest one of the predicate convictions supporting his habitual felon status. (Petition, § 12, Ground One.) He also raises a substantive challenge to that status based on the same alleged infirmity with one of the prior convictions. (Id., Ground Two.)

## Discussion

Respondent addresses the merits of Petitioner's claims, but also seeks dismissal on the grounds that Petitioner filed the Petition outside of the one-year limitations period, 28 U.S.C. § 2244(d)(1). In order to assess Respondent's statute of limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

Petitioner does not appear to argue, and the record does not reveal, any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case. Any claims regarding his habitual felon status would certainly have existed, and could have been uncovered through the exercise of due diligence, at the time of his conviction. Therefore, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court must examine when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended.

As Respondent asserts (Brief [Doc. #6] at 12), and Petitioner has not disputed, Petitioner's convictions became final 90 days after the October 11, 2011 order of the North Carolina Supreme Court dismissing his appeal, which would have been January 9, 2012. See Clay v. United States, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires" (internal citations omitted)); see also Sup. Ct. R. 13.1 (allowing petitioners 90 days after highest state appellate court's denial to file for writ of certiorari). The limitations period then ran for 217 days until he filed his MAR in Forsyth County on August 14, 2012. At that point, the statute was

tolled because attempts at collateral relief in the state courts toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, tolling ceased and the statute of limitations began to run again on May 22, 2013, when the North Carolina Court of Appeals denied Petitioner's petition for a writ of certiorari. The deadline then expired on October 18, 2013, without Petitioner having filed his Petition in this Court. In fact, the Petition is dated as having been signed and mailed on December 23, 2013, or more than two months later.

It is true that, during the period between May 22, 2013 and October 18, 2013, Petitioner filed a petition for certiorari with the North Carolina Supreme Court. However, only "properly filed" attempts at collateral relief toll the statute of limitations. 28 U.S.C. § 2244(d)(2); Artuz v. Bennett, 531 U.S. 4 (2000). "Although petitions seeking review by the North Carolina Supreme Court constitute a step in the state's direct appeal process, the North Carolina Court of Appeals represents the final step in the state's collateral review process, except in cases involving a death sentence or specified circumstances not present here." Harb v. Keller, No. 1:09CV766, 2010 WL 3853199, at *5 (M.D.N.C. September 28, 2010) (unpublished). Therefore, Petitioner's filing of the certiorari petition with the North Carolina Supreme Court did not toll the limitations period, id. (citing cases), and the Petition is out of time under § 2244(d)(1)(A).

Petitioner protests that his Petition should not be dismissed as time-barred, but provides no valid reason to support this argument. Petitioner states in his Response [Doc. #9] that his Petition is timely because his efforts at state court relief were timely filed and because the federal limitation period was tolled while the state filings were pending. Although he is correct that the limitation period was tolled while properly-filed attempts at state court relief were pending, as explained above, not enough time was tolled to render his Petition timely in this Court. Petitioner additionally notes that he is a layman to the law. This is essentially a request for equitable tolling, which the Supreme Court has ruled applicable in this context, Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (emphasis added). However, unfamiliarity with the legal process, even in the case of an unrepresented prisoner, does not constitute grounds for equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004); March v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2001); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999); Gray v. Lewis, No. 1:11CV91, 2011 WL 4022787, at *3 (M.D.N.C. Sept. 9, 2011) (unpublished) (citing Hood v. Jackson, No. 5:10-HC2008-FL, 2010 WL 4974550, at *2 (E.D.N.C. Dec. 1, 2010) (unpublished), and Dockery v. Beck, No. 1:02CV00070, 2002 WL 32813704, at *2 (M.D.N.C. Aug. 1, 2002) (Beaty, J., adopting recommendation of Eliason, M.J.) (unpublished), adopted, slip op. (M.D.N.C. Nov. 4, 2011)

(Beaty, C.J.)). Petitioner's equitable tolling argument fails, Respondent's Motion for Summary Judgment should be granted, and the Petition should be dismissed.[1]

As a final matter, the Court notes that Petitioner filed a Motion for Discovery and/or Production of Discovery [Doc. #11] and a Motion for an Evidentiary Hearing [Doc. #14] which remain pending on the docket. Given the recommendation that the Petition be dismissed, there is no need for discovery or a hearing in the case. These Motions will be denied.

IT IS THEREFORE ORDERED Petitioner's Motion for Discovery and/or Production of Discovery [Doc. #11] and Motion for an Evidentiary Hearing [Doc. #14] are DENIED.

IT IS RECOMMENDED that Respondent's Motion for Summary Judgment [Doc. #5] be granted, that the Petition [Doc. #1] be dismissed, and that this action be dismissed.

This, the 22nd day of August, 2014.

                                       /s/ Joi Elizabeth Peake
                                         United States Magistrate Judge

---

[1] Moreover, even if the Petition had been timely filed in this Court, there is no basis to conclude that the decision of the state MAR Court was contrary to, or an unreasonable application of, Federal law. In addition, Petitioner had multiple prior convictions that were more than sufficient to qualify him as a habitual felon in any event, and he also faces procedural bars as noted by Respondent.